UNION BANK v. NORTHROP.

1. The judgment debtor has the right in supplementary proceedings, under subdivision 1 of section 312 of the code, to have his examination conducted in his own county, but this right he may waive, and does waive, by submitting, without protest, a written statement which is accepted by the plaintiff as a sufficient compliance with the order.
2. Prior to the amendment of 1880, the constitution did not exempt money from seizure for the payment of debts.
3. An order for examination of a judgment debtor was passed in supplementary proceedings eighteen months after the termination of a litigation in which such debtor was attorney, and while the amount of his fee was under reference. During the next month the amount of the fee was fixed by the court, and five months afterwards the order in the supplementary proceedings required such fee to be paid over to the judgment creditor. *Held,* that this fee was not an earning of the debtor within sixty days next preceding the order, and, therefore, exempt under section 317 of the code.
4. This fee was due by a corporation which was in the hands of a receiver, who, upon obtaining his discharge, turned it over to the master of the court. *Held,* that this money might be reached under supplementary proceedings and ordered to be paid to the judgment creditor.

---

Before WALLACE, J., Richland, May, 1882.

The opinion states the case.

*Mr. R. A. Lynch,* for appellant.

*Mr. W. S. Monteith,* contra.

July 7th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. On June 28th, 1878, the plaintiff recovered a judgment against the defendants in Richland county

for $515.56.   It does not appear in the " Case," but, from the
argument in this court, we infer that the judgment was rendered
on a cause of action older than the constitution ; but, be that as it
may, it is clear that the exemption of the fund here in question
could not be claimed under the homestead law then of force; as
it was not of that character of personal property which the con-
stitution then exempted.

L. C. Northrop resides in Charleston, and an execution was
issued against him in that county and returned unsatisfied.
Whereupon, in November, 1881, the plaintiff instituted supple-
mentary proceedings against him in Richland county.   He was
required by an order of Judge Cothran " to appear in Columbia
before N. B. Barnwell, Esq., master of Richland county, on
November 21st, 1881, and answer concerning any property he
may have."   Northrop did not make the objection that he could
not be required to answer out of his own county, but proposed
to answer by written statement, which was allowed.   He filed
his statement before the master of Richland county, who
reported the facts as follows :

" During the year 1880, L. C. Northrop, as district attorney
of the United States for the State of South Carolina, filed. a
petition *In re Jas. S. Gilbes et al.* v. *Greenville & Columbia Rail-
road Company,* for taxes due by the said company to the gov-
ernment of the United States.   The receiver of that company
resisted the claim, but it was compromised by paying to the gov-
ernment $500, and whatever should be a proper fee for Mr.
Northrop, as attorney.   On April 9th, 1880, it was referred to
the master to ascertain what would be a proper fee, who recom-
mended $200, and his report was confirmed and the money
ordered to be paid to Mr. Northrop, December 15th, 1881.   At
the time Northrop answered in the supplementary proceedings
he filed a petition setting forth that he was a citizen of the State
and the head of a family, and claiming homestead ; that he was
not worth $300 in personal property, and that he was very
much dependent upon the said fee of $200 for the support of a
large and helpless family, and he prayed. that it might be paid
out to him."

The matter was heard by Judge Wallace, who disallowed the

claim of homestead, and directed that the fee of $200 in the hands of the master, belonging to the defendant, L. C. Northrop, should be applied towards the satisfaction of the judgment. From this order the appeal comes to this court upon the following exceptions: "1. Because his Honor, W. H. Wallace, had no jurisdiction of the person of the defendant, L. C. Northrop. 2. Because his Honor, W. H. Wallace, had no jurisdiction of the subject-matter in this action, it being a fund in the custody of the court, and otherwise exempt from process."

As to the first exception. There is no doubt that in supplementary proceedings, under subdivision 1 of section 312 of the code, the defendant in execution has the right to insist on being examined in the county where he resides or has an office. This right extends no further than the examination, and was given, probably, to relieve him from the inconvenience of being dragged to another county, possibly in a distant part of the State. But this is a personal privilege given to him, and, if he chooses, he may waive it. *Green* v. *Bookhart, ante p.* 466, lately decided by this court. In that case it is said that "The provision seems to have been intended for the protection of the defendant in execution, that he might not be required to answer out of his county. It is a right personal to him alone, and when he chose to waive it and to appear and answer in another county, he could not afterwards make the objection."

Mr. Riddle, in his late work on Supplementary Proceedings, lays down the rule as to what is a jurisdictional defect, and what a mere irregularity, in these terms: "An objection on the ground of irregularity in the proceedings, to be valid, must be taken at the earliest possible opportunity, that is, when the exercise of jurisdiction is first claimed by the officer. If not taken then it is deemed to be waived. The question upon this point in any of these proceeding is: Would the court or judge have had jurisdiction to grant the order or warrant, provided all the necessary existing facts had been properly brought before him at the time, or to proceed in the matter in controversy if it had duly come before him, as it could have come? and did the debtor or adverse party fail to object to the irregularity complained of in due season? If both questions are affirmatively answered, the error is

but an irregularity and has been waived, and the proceedings are regular." *Riddle* (2*d* edit.) 213. There is no doubt that both questions must be answered in the affirmative in this case, and, therefore, after the waiver the proceedings were regular.

Under the second exception several exceptions are urged against applying the fee to the judgment: First, it is claimed that the defendant, Northrop, is entitled to the fee as homestead, or as within the exemption of $500 of personal property, allowed by the constitution; but, as before indicated, the money fee did not come within the class of articles exempted by the constitution before the amendment of 1880, and, therefore, homestead or exemption against it cannot be allowed in this case.

Second, it is then insisted that if defendant is not entitled to have this fee exempted as technical homestead, he is entitled to the benefit of section 317 of the code, which gives authority to the judge to have applied towards satisfaction of judgments all property and money of the defendant in execution, " except that the earnings of the debtor for his personal services, at any time within sixty days next preceding the order, cannot be applied where it is made to appear by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor." The showing was sufficient that the fee aforesaid was due for the personal services of the defendant in execution, and, also, that such earnings are necessary for the use of a large and helpless family; but we cannot hold that it was " earnings within sixty days next preceding the order."

Even if " the order " here referred to was the order for examination in supplementary proceedings, granted by Judge Cothran, November 7th, 1881, we could not say that the fee was earned within the sixty days next preceding that time, for the reason that the court had already referred it to the master to report what fee should be allowed L. C. Northrop for his professional services as far back as April 9th, 1880. But, according to the New York construction of a provision identical with ours, the words " within sixty days next preceding " the order have reference to the order directing the money to be applied toward the satisfaction of the judgment. That order, in this case, was made by Judge Wal-

lace on May 9th, 1882, more than four months after the final order of court allowing the fee, viz., December 15th, 1881. " Only such earnings are exempted as have been earned within sixty days previous to the date of the order requiring such earnings to be applied to the satisfaction of the judgment, and not those that may have been earned within sixty days previous to the service of the order for examination. *Bush* v. *White*, 12 *Abb.* 21 ; *Wait's Anno. Code* 571 and *notes.*

Third, it is said that the money, being in the hands of the master, is in the custody of the court itself, and could not be reached by these proceedings. This money was in the hands of James Conner, receiver of the Greenville and Columbia Railroad Company, who owed it to the defendant, Northrop, and in whose favor it had been adjudged. When the receiver was discharged, pending the litigation, the money was deposited with the master as matter of convenience, and, for the purposes of this case, must be considered as still in the hands of the receiver as a debtor of Northrop. There is no attachment here seeking a lien, but the question is simply as to the proper application of the money under supplementary proceedings. We think it a mistake to suppose that the money is *in custodia legis* in such sense as not to be subject to the order of the court.

The judgment of this court is that the judgment of the Circuit Court be affirmed.